IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **DELI STAR CORP.,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00557-JPG |
| | ) |
| **CONTINENTAL WESTERN** | ) |
| **INSURANCE COMPANY** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DELI STAR CORP.'S COMPLAINT**

NOW COMES Defendant, CONTINENTAL WESTERN INSURANCE COMPANY ("CONTINENTAL WESTERN"), by and through its attorneys, Traub Lieberman Strauss & Shrewsberry LLP, and for its Answer and Affirmative Defenses to Plaintiff's, DELI STAR CORP. ("DELI STAR"), Complaint states as follows:

**COUNT I – Breach of Contract**

1. Deli Star Corp. is a Delaware corporation with its principal place of business in Fayetteville, Illinois, which is located within St. Clair County, Illinois.

**ANSWER:** **CONTINENTAL WESTERN admits the allegations of Paragraph 1.**

2. Continental Western Insurance Company is a corporation with its principal place of business in the state of Iowa and does business within the State of Illinois and St. Clair County.

**ANSWER:** **CONTINENTAL WESTERN admits that it is a corporation with its principal place of business in the state of Iowa. Further answering, CONTINENTAL WESTERN**

**admits that it engages in business within the State of Illinois. To the extent a further response is required, CONTINENTAL WESTERN denies any remaining allegations of Paragraph 2.**

3. The subject fire loss occurred in Fayetteville, Illinois, St. Clair, Illinois to property owned by plaintiff and insured by defendant.

**ANSWER: CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3, and, therefore, can neither admit nor deny the same, but demands strict proof thereof, which has the effect of a denial by operation of rule.**

4. On January 11, 2021, Deli Star Corp. was insured under Continental Western Insurance Company policy number CPA 3225169 with an effective date of 8/18/20, a copy of which is attached hereto and marked Exhibit 1, under which defendant agreed to provide commercial property damage coverage.

**ANSWER: CONTINENTAL WESTERN admits that it issued a policy of insurance, policy number CPA 3225169 to DELI STAR, with an effective date beginning August 18, 2020 (the "Continental Western Policy"). As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 4 that are inconsistent with the Continental Western Policy.**

5. Under said policy, defendant agreed to provide coverage "enhancements" in excess of the general policy limits for certain categories or types of damages. (*See* Premier Choice Property Enhancement Schedule, pp. 152-53 of Ex. 1.)

**ANSWER: As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete,**

and/or misleading. Continental Western denies any allegations of Paragraph 5 that are inconsistent with the Continental Western Policy. To the extent a further response is required, CONTINENTAL WESTERN denies the remaining allegations of Paragraph 5.

6. On January 11, 2021, there was a fire at plaintiff's manufacturing plant located at 2516 Main Avenue, Fayetteville, IL 62258.

**ANSWER:** CONTINENTAL WESTERN admits the allegations of Paragraph 6.

7. On or about March 9, 2021, plaintiff submitted a claim under the subject policy for Newly Acquired or Constructed Property enhancement coverage.

**ANSWER:** CONTINENTAL WESTERN admits only that a claim was made by DELI STAR under the Newly Acquired or Constructed Property enhancement coverage. CONTINENTAL WESTERN denies the remaining allegations of Paragraph 7.

8. On or about May 11, 2021, plaintiff submitted a claim under the subject policy for Spoilage enhancement coverage.

**ANSWER:** CONTINENTAL WESTERN admits only that a claim was made by DELI STAR under the Spoilage enhancement coverage. CONTINENTAL WESTERN denies any remaining allegations of Paragraph 8.

9. On or about May 12, 2021, plaintiff submitted a claim under the subject policy for Valuable Papers enhancement coverage.

**ANSWER:** CONTINENTAL WESTERN admits only that a claim was made by DELI STAR under the Valuable Papers enhancement. CONTINENTAL WESTERN denies any remaining allegations of Paragraph 9.

10. On June 29, 2021, defendant denied plaintiff's Newly Acquired or Constructed Property, Spoilage and Valuable Papers' claims. See Letter from Chad Yokum on behalf of defendant attached as Exhibit 2.

**ANSWER:** **CONTINENTAL WESTERN denies the allegations of Paragraph 10.**

11. Defendant has not provided any coverage for these claims or filed a declaratory judgment action against its insured.

**ANSWER:** **The allegations of Paragraph 11 represent legal and not factual conclusions, and therefore, no response is required. To the extent a further response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 11.**

12. The coverage Extensions Section of the Building and Personal Property Coverage Form of the insurance contract (p. 185 of Ex. 1) provides the following:

> **a. Newly Acquired Or Constructed Property**
> **(1) Buildings**
> If this policy covers Building, you may extend that insurance to apply to:
> (a) Your new buildings while being built on the described premises; and
> (b) Buildings you acquire at locations other than the described premises, intended for:
> (i) Similar use as the building describe din the Declarations; or
> (ii) Use as a warehouse.
> **(2) Your Business Personal Property**
> (a) If this policy covers Your Business Personal Property, you may extend that insurance to apply to:
> (i) Business personal property, including such property that you newly acquire, at any location you acquire other than at fairs, trade shows or exhibitions; or
> (ii) Business personal property, including such property that you newly acquire, located at your newly constructed or acquired buildings at the location described in the Declarations.
> (b) This Extension does not apply to:

> (i) Personal Property of others that is temporarily in your possession in the course of installing or performing work on such property; or
>
> (ii) Personal property of others that is temporarily in your possession in the course of your manufacturing or wholesaling activities
>
> **(3) Period of Coverage**
>
> With respect to insurance provided under this Coverage Extension for Newly Acquired Or Constructed Property, coverage will end when any of the following first occurs:
>
> (a) This policy expires;
>
> (b) 30 days expire after you acquire the property or begin construction of that part of the building that would qualify as covered property; or
>
> (c) You report values to us.
>
> We will charge you additional premium or values reported from the date you acquire the property or begin construction of that part of the building that would qualify as covered property.

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 12 that are inconsistent with the Continental Western Policy.**

13. Under the Premier Choice Enhancement Schedule of the applicable insurance contract, the 30-day limit to report Newly Acquired or Constructed Property is expanded to 180 days. Additionally, Building and/or Business Personal Property limit is increased to $2,000,000. (See p. 152 of Ex. 1.)

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 13 that are inconsistent with the Continental Western Policy.**

14. Within 180 days prior to January 11, 2021, Plaintiff's contractor began construction on a building enclosure, warehouse and truck lot expansion on the premises described by the subject insurance policy.

**ANSWER:** **CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.**

15. Also within 180 days prior to January 11, 2021, plaintiff acquired business personal property destroyed by the subject fire with a replacement value of $1,248,391 at the time of the subject loss.

**ANSWER:** **CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.**

16. The subject insurance policy also provided a spoilage coverage enhancement that states as follows:

> a. You may extend the insurance that applies to Your Business Personal Property to apply to direct physical loss of or damage to "perishable stock" caused by or resulting from:
> 　　(1) Breakdown or Contamination, meaning:
> 　　　　(a) A change in temperature or humidity resulting from mechanical breakdown or failure of refrigerating, cooling, or humidity control apparatus or equipment, only while such equipment or apparatus is at the described premises; or
> 　　　　(b) Contamination by the refrigerant resulting from the failure or mechanical breakdown of refrigerating or cooling equipment at the described premises.
> 　　(2) Power Outage or interruption of other utility service, meaning change in temperature or humidity resulting from complete or partial interruption of

electrical power or other utility service, either on or off the described premises, due to conditions beyond your control.

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 16 that are inconsistent with the Continental Western Policy.**

17. On January 11, 2021, perishable stock in the form of meat products was being stored on the described premises in a finished product cooler that lost electrical power as well as temperature and humidity control.

**ANSWER:** **CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.**

18. Unlike much of the other perishable stock on the subject premises, the perishable stock in the finished product cooler was not destroyed by fire, but instead was left exposed to the elements with its red plastic casing still intact and unburnt.

**ANSWER:** **CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule. Further answering, the allegations of Paragraph 18 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 18.**

19. The lack of a controlled environment caused the perishable stock that was in the finished product cooler to spoil, which resulted in a loss to plaintiff of $560,066.62.

**ANSWER:  CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule. Further answering, the allegations of Paragraph 19 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 19.**

20. Plaintiff extended spoilage coverage to an enhanced limit of $500,000.

**ANSWER:   As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 20 that are inconsistent with the Continental Western Policy.**

21. The subject insurance policy provided a valuable papers coverage enhancement that states as follows.

> **a.** You may extend the insurance that applies to Business Personal Property to apply to direct physical loss or damage to valuable papers and records that you own or that are in your care, custody, and control caused by or resulting from a Covered Cause of Loss. This Coverage Extension includes the cost to replace or restore the lost information on valuable papers and records for which duplicates do not exist. But this Coverage Extension does not apply to valuable papers and records which exist as electronic data. The term Electronic Data has the meaning described under **Property Not Covered** in the **Building and Personal Property Coverage Form**.
> **b.** The most we will pay for loss or damage in any one occurrence under this Coverage Extension is the limit shown in the Premier Choice Property Enhancement Schedule.

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 21 that are inconsistent with the Continental Western Policy.**

22. Plaintiff extended valuable papers coverage to an enhanced limit of $100,000.

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 22 that are inconsistent with the Continental Western Policy.**

23. According to the applicable policy "Valuable papers and records include but are not limited to proprietary information, books of account, deeds, manuscripts, abstracts, drawings and card index systems."

**ANSWER:** **As a written instrument, the Continental Western Policy speaks for itself and any excerpts, characterizations, or summaries of its contents may be selective, incomplete, and/or misleading. CONTINENTAL WESTERN denies any allegations of Paragraph 23 that are inconsistent with the Continental Western Policy.**

24. The blueprint and building plan drawings for the destroyed buildings on the described premises were in paper form only and destroyed by the subject fire.

**ANSWER:** **CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule**

25. Plaintiff hired a construction company to recreate the destroyed blueprints and determine replacement costs for plaintiff's property.

**ANSWER: CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule**

26. Plaintiff's contractor determined the replacement value of the blueprints and building plans to be $300,000.

**ANSWER: CONTINENTAL WESTERN does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26, and, therefore can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule**

27. Plaintiff cooperated in all aspects of Defendant's investigation and numerous demands for information.

**ANSWER: The allegations of Paragraph 27 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 27.**

28. Plaintiff has fulfilled all contractual requirements and is entitled to payments for its losses.

**ANSWER: The allegations of Paragraph 28 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 28.**

29. Defendant has breached the terms of the policy by continually refusing to tender to Plaintiff the insurance benefits identified in the enhancements above.

**ANSWER:** **The allegations of Paragraph 29 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 29.**

30. At all relevant times, the grounds that Defendant used to deny the claims were unreasonable, unjustified, and not well grounded.

**ANSWER:** **The allegations of Paragraph 30 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 30.**

31. In its denial letter, Defendant gave a bare notice of a reservation of rights so as to ineffectively claim a reservation of rights.

**ANSWER:** **Paragraph 31 of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Paragraph 31 is required at this time. CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Paragraph 31 becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Paragraph 31 is in no way an admission of any part of the allegations in Paragraph 31 at this time.**

32. In its denial letter, Defendant did not make specific reference to any other policy defense which would be ultimately asserted, and therefore, did not properly reserve any further rights to a defense.

**ANSWER:** **Paragraph 32 of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Paragraph 32 is required at this time.**

**CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Paragraph 32 becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Paragraph 32 is in no way an admission of any part of the allegations in Paragraph 32 at this time.**

33. Defendant is estopped from asserting any other grounds as basis for its denial that is not contained in the denial letter.

**ANSWER:** **Paragraph 33 of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Paragraph 33 is required at this time. CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Paragraph 33 becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Paragraph 33 is in no way an admission of any part of the allegations in Paragraph 33 at this time.**

34. By their continued refusal and improper notification to Plaintiff of its denial, Defendant has waived any policy defenses under the policy.

**ANSWER:** **Paragraph 34 of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Paragraph 34 is required at this time. CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Paragraph 34 becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Paragraph 34 is in no way an admission of any part of the allegations in Paragraph 34 at this time.**

35. Defendant has breached the terms of the policy by continually refusing to tender the insurance policy benefits to Plaintiff.

**ANSWER:** The allegations of Paragraph 35 represent legal and not factual conclusions, and therefore, no response is required. To the extent a response is required, CONTINENTAL WESTERN denies the allegations of Paragraph 35.

### Count II – Bad Faith

Count II of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Count II is required at this time. CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Count II becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Count II is in no way an admission of any part of Count II at this time.

### Count III – Estoppel

Count III of DELI STAR's Complaint is subject to a Motion to Dismiss pending before the Court. As such, no Answer to Count III is required at this time. CONTINENTAL WESTERN reserves the right to amend this Answer if an Answer to Count III becomes necessary. CONTINENTAL WESTERN's forbearance with regard to Count III is in no way an admission of any part of Count III at this time.

### Prayer for Relief

WHEREFORE Defendant Continental Western Insurance Company, having answered Plaintiff's Complaint, prays that upon final hearing hereof, Plaintiff take nothing by reason of this lawsuit, and that Defendant recover from Plaintiff all costs, including attorneys' fees and costs of the proceeding and other costs incurred in defending this matter, and for such other and further relief, both general and special, legal and equitable, to which Defendant may be justly entitled.

**CONTINENTAL WESTERN INSURANCE COMPANY'S AFFIRMATIVE DEFENSES**

Defendant Continental Western Insurance Company as and for its affirmative defenses to Plaintiff's Complaint further alleges and shows to the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

CONTINENTAL WESTERN pleads the terms, conditions, exclusions, and limitations of the Continental Western Policy issued to DELI STAR by CONTINENTAL WESTERN. CONTINENTAL WESTERN would show that the subject policies issued to DELI STAR by CONTINENTAL WESTERN upon which this suit is predicated contain certain limitations and exclusions of coverage which are applicable to the losses in question and which therefore limit or exclude Plaintiff's entitlement to any recovery from CONTINENTAL WESTERN, including but not limited to, satisfaction of the Continental Western Policy Insuring Agreements, among other provisions, applicable to this loss.

WHEREFORE defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

To the extent that judgment is found in favor of Plaintiff, which CONTINENTAL WESTERN denies, CONTINENTAL WESTERN is entitled to offset for any monies previously paid in connection with the claims at issue.

WHEREFORE defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Continental Western Policy sets forth terms, conditions, exclusions and limitations. The Continental Western Policy provides as follows with regard to the Newly Acquired or Constructed Property Coverage Extension:

>   **(3) Period of Coverage**
>   >   With respect to insurance provided under this Coverage Extension for Newly Acquired Or Constructed Property, coverage will end when any of the following first occurs:
>   >   (a) This policy expires;
>   >   (b) 30 days expire after you acquire the property or begin construction of that part of the building that would qualify as covered property; or
>   >   (c) You report values to us.
>   
>   We will charge you additional premium or values reported from the date you acquire the property or begin construction of that part of the building that would qualify as covered property.

This Coverage Extension provides for additional premium or values to be charged from the date construction begins on a part of a building that would qualify as covered property. To extent that the judgment is found in favor of Plaintiff, which CONTINENTAL WESTERN denies, CONTINENTAL WESTERN is entitled to offset any amount owed by the amount of additional premiums or values that would have been charged.

WHEREFORE defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Coverage under the Continental Western Policy applies only when the following conditions are satisfied:

>   **3.    Duties In The Event Of Loss Or Damage**
>   
>   >   **a.**    You must see that the following are done in the event of loss or damage to Covered Property:
>   >   
>   >   \* \* \*
>   >   
>   >   **(2)**    Give us prompt notice of the loss or damage.  Include a description of the property involved.
>   >   **(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.
>   >   **(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.  However, we will not pay for any

subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

CONTINENTAL WESTERN affirmatively pleads that recovery is barred to the extent Plaintiff failed to comply with the policy conditions.

WHEREFORE defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

## **FIFTH AFFIRMATIVE DEFENSE**

To the extent that judgment is found in favor of Plaintiff, which CONTINENTAL WESTERN denies, CONTINENTAL WESTERN affirmatively reserves the right to invoke the Appraisal provision of the Continental Western Policy.

WHEREFORE defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

## **SIXTH AFFIRMATIVE DEFENSE**

CONTINENTAL WESTERN reserves the right to offer additional defenses which cannot now be articulated due to Plaintiff's failure to particularize its claims. CONTINENTAL

WESTERN reserves the right to assert additional defenses upon further particularization of Plaintiff's claims and/or further discovery concerning the nature of the claims.

WHEREFORE Defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The Continental Western Policy sets forth terms, conditions, exclusions and limitations. The Premier Choice Property Enhancement Endorsement of the Continental Western Policy provides as follows:

> I.  Changes to the **Building and Personal Property Coverage Form**
>
> \* \* \*
>
> > E.  When coverage under this endorsement applies, the **Limits of Insurance** section is deleted and replaced by the following:
> >
> > > 1.  The most we will pay for loss or damage in any one occurrence is the Limit of Insurance shown in the Declarations or the Premier Choice Property Enhancement Schedule for the applicable coverage.
> > >
> > > 2.  The amounts of insurance stated for the following Additional Coverages and Coverage Extensions apply in accordance with the terms of such coverage. These amounts of insurance are separate from, and in addition to the Limits of Insurance shown in the Declarations for any other coverage. Also, the Additional Condition Coinsurance, does not apply to the following:
> > >
> > >     a.  Brands and Labels;
> > >     b.  Expediting Expenses;
> > >     c.  Fire Department Service Charge;
> > >     d.  Pollutant Clean-up and Removal;
> > >     e.  Fire Protection Equipment Recharge;
> > >     f.  Loss Data Preparation Cost;
> > >     g.  Lost key Consequential Loss;
> > >     h.  Money Orders and Counterfeit Money;
> > >     i.  Money and Securities;
> > >     j.  Reward Payment;
> > >     k.  Discharge from Sewers, Drains or Sumps;

|     |     |
| --- | --- |
| l.  | Ordinance or Law – Demolition Costs and Increased Cost of Construction; |
| m.  | Employee Theft (Including ERISA); |
| n.  | Forgery or Alteration; |
| o.  | Utility Services – Direct Damage; |
| p.  | Accounts Receivable; |
| q.  | Consequential Loss to Stock; |
| r.  | Fine Arts at Market Value; |
| s.  | Computer Equipment Including Electronic Data; |
| t.  | Leasehold Interest – Improvements and Betterments; |
| u.  | Outdoor Signs; |
| v.  | Property In The Care, Custody And Control of Salespersons; or |
| w.  | Spoilage. |

Payments under the Additional Coverage, Preservation of Property, will not increase the applicable Limit of Insurance.

Paragraph I.E.1. of the Premier Choice Property Enhancement Endorsement limits the amount payable for loss or damage in any one occurrence to the Limit of Insurance shown in the Declarations or the Premier Choice Property Enhancement Schedule for the applicable coverage. Paragraph I.E.2. provides that for the additional coverages and coverage extensions listed in the paragraph the amounts of insurance available are separate from, and in addition to the Limits of Insurance shown in the Declarations. The Newly Acquired or Constructed Property Coverage Extension and Valuable Papers Coverage Extension are not included in the list set forth in paragraph I.E.2.

To the extent that judgment is found in favor of Plaintiff under the Newly Acquired or Constructed Property and/or Valuable Papers Coverage Extension, which CONTINENTAL WESTERN denies, the amount of insurance available under those coverage extensions is not separate from, and not in addition to the Limits of Insurance shown in the Declarations. As the Building and Business Personal Property Limits of Insurance have been exhausted, there is no

additional coverage available under the Newly Acquired or Constructed Property and/or Valuable Papers Coverage Extensions.

WHEREFORE Defendant, CONTINENTAL WESTERN, prays that judgment be entered in its favor and against Plaintiff.

WHEREFORE, Defendant, Continental Western Insurance Company, prays that upon final hearing hereof, Plaintiff take nothing by reason of this lawsuit, and that Defendant recover from Plaintiff all costs, including attorneys' fees and costs of the proceeding and other costs incurred in defending this matter, and for such other and further relief, both general and special, legal and equitable, to which Defendant may be justly entitled.

Dated this 25th day of March, 2022.

Respectfully submitted,

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**

By: */s/ James M. Eastham*
James M. Eastham
One of the Attorneys for Defendant
*Continental Western Insurance Company*

James M. Eastham (6224853)(Lead Counsel)
jeastham@tlsslaw.com
TRAUB LIEBERMANN STRAUS SHREWSBERRY, LLP
303 West Madison Street
Suite 1200
Chicago, IL 60606
(312) 332-3900
(312) 332-3908 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I electronically filed the above Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James Eastham

James Eastham