UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELI STAR CORPORTATION,

   Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE
COMPANY,

   Defendant.

Case No. 3:22-cv-557-JPG

# MEMORANDUM AND ORDER

## I. Introduction

This matter comes before the Court on Defendant Continental Western Insurance Company ("Defendant" or "Continental") Motion to Dismiss Portions of Count I and the entirety of Counts II and III of Plaintiff's Complaint (Doc. 7). Plaintiff Deli Star Corporation ("Plaintiff" or "Deli Star") responded (Doc. 13).

## II. Background

This case arises out of an insurance coverage dispute where a fire that took place on January 11, 2021. (Doc. 1-2, Compl. at ¶ 6). The fire took place in Deli Star's property and the property was covered by Continental. *Id*. at ¶ 3. Plaintiff's property is located in Fayetteville, Illinois in St. Clair, Illinois. *Id*. Under the policy, Plaintiff alleges that Defendant agreed to provide coverage "enhancements" in excess of the general policy for certain categories of damages. *Id*. at ¶ 5. After the fire, Plaintiff submitted a claim under the Newly Acquired or Constructed Property Damage enhancement coverage, Spoilage enhancement coverage, and Valuable Papers enhancement coverage. *Id*. at ¶¶ 8-9. Defendant denied Plaintiff's coverage under these claims. *Id*. at ¶ 10.

Plaintiff's Complaint alleges breach of contract, bad faith, and estoppel. Plaintiff filed suit

1

in St. Clair County, Illinois on December 21, 2021. Defendant accepted service and removed the action to this Court in the Southern District of Illinois on March 18, 2022. (Doc. 1). On March 25, 2022, Defendant moved to dismiss this action. (Doc. 7).

### III.     Law & Analysis

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in

favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

    a. **Count II**

Defendant argues that Plaintiff's Count II does not state a claim upon which relief may be granted and should be dismissed. (Doc. 8 at 2-3). Count II of Plaintiff's Complaint asserts a claim under 215 Ill. Comp. Stat. 5/155. Section 155 provides a penalty against insurers whose acts or delay in settling claims are vexatious or unreasonable. 215 ILCS 5/155. To give rise to Section 155 liability, the insurer's conduct must be willful and without reasonable cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010).

Defendant argues that Plaintiff fails to provide specific factual allegations as to what actions Defendant made that were "vexatious and unreasonable." Plaintiff argues its complaint is sufficient to state a cause of action. Plaintiff's complaint alleges that Defendant's denial is based on "bogus interpretations of policy language" and, gave an example that the building did not qualify for coverage under newly constructed building because it was "not a separate building with stand-along load bearing walls." Compl. at ¶ 39. Additionally, Plaintiff alleges Defendant "completely disregarded evidence" adduced in the investigation and investigated the matter in a biased way to deter Plaintiff coverage. *Id*. at ¶¶ 41, 42. The Court finds allegations it relied on a "bogus interpretation" of policy language to deny claim, disregarded evidence adduced in the investigation, and relied on bias to deny coverage is sufficient during the liberal pleading stage. *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) ("An insurer who misrepresents facts, denies coverage after refusing to conduct an adequate investigation, and bases its decision upon speculation or incomplete information could be considered to have acted without reasonable cause."); *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F.Supp.2d 954, 960 (S.D. Ill. 2007) (holding that allegations that refusal to negotiate and failure to investigate sufficient to state

a Section 155 claim); *P & M/Mercury Mech. Corp. v. West Bend Mutual Ins. Co.*, 483 F.Supp.2d 601, 604 (N.D. Ill. 2006) (holding that allegations that insurer did not rely on accurate report or consider all information sufficient to state a Section 155 claim).

Defendant argues that Plaintiff's allegations are contradictory and conclusory. (Doc. 8 at 5). The Court disagrees. The Plaintiff provides enough facts to pass muster at this stage. *Dolan*, 787 F. Supp. 2d at 779 ("But the assertions that Markel 'misrepresented ... relevant facts' or 'failed to conduct a full, fair and prompt investigation' are not, at all, legal conclusions; they are facts, albeit general one, which the Court must accept as true.").

Next, Defendant argues that a decision to deny coverage is not vexatious and unreasonable if the conduct arises from a *bona fide* dispute and this dispute is *bona fide*. (Doc. 8 at 6). If there is a *bona fide* dispute regarding coverage, the statutory penalty is not appropriate. *Med. Prot. Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007). Plaintiff argues that paragraphs 40 through 42 demonstrate "the lack of a *bona fide* dispute." (Doc. 13 at 4). The Court at this stage must accept all facts as true and provide all reasonable inferences in favor of Plaintiff. The facts, as Plaintiff alleges, show that there was no *bona fide* dispute and instead Defendant knowingly and completely disregarded evidence through the investigation, and used a "bogus" interpretation of the policy language. Compl. at ¶¶ 39, 42. Taken as true, this contradicts that there was a *bona fide* dispute at this stage. *See Strategic Capital Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10–CV–2062, 2014 WL 562970, at *5–6 (C.D.Ill. Feb. 13, 2014) (noting that although defendant may "have the winning argument that a Section 155 award is unwarranted" because the insurer's position was based on a *bona fide* coverage dispute, such a conclusion was inappropriate at the motion to dismiss stage); W. *Wind Express v. Occidental Fire & Cas. Co. of North Carolina*, No. 10–CV–6263, 2013 WL 2285799, at *4 (N.D.Ill. May 23, 2013) ("[B]ecause [determining if an insurer's

conduct was vexatious or unreasonable] presents a factual question, the Court may not decide the issue on the pleadings alone, although the issue may be susceptible to disposition at summary judgment if the facts developed fail to show a genuine issue of disputed material fact.").

Defendant's motion goes through each coverage at issue – Newly Acquired or Constructed Property Enhancement, Spoilage Enhancement, and Valuable Papers Enhancement to show that the coverage denials were as a part of a *bona fide* dispute. (Doc. 8 at 7-10). However, as stated above the Court must accept all facts in the complaint as true and grant Plaintiff all reasonable inferences. Here, if Defendant "chose to deny the claims based on bogus interpretations of policy language" then Defendant's statements that the *bona fide* dispute regarding each issue would be contradicted. While Defendant may have the winning argument at the summary judgment phase, granting its argument at a motion to dismiss stage would be inappropriate.

### b. Portions of Count I and Entirety of Count III

Count I alleges a breach of contract. In paragraphs 31-34, Plaintiff states:

> 31. In its denial letter, Defendant gave a bare notice of a reservation of rights, so as to ineffectively claim a reservation of rights.
> 32. In its denial letter, Defendant did not make specific reference to any other policy defense which would be ultimately asserted, and therefore, did not properly reserve any further rights to a defense.
> 33. Defendant is estopped from asserting any other grounds as a basis for its denial that is not contained in the denial letter.
> 34. By their continued refusal and improper notification to Plaintiff of its denial, Defendant has waived any policy defenses under the policy.

In Count III, Plaintiff alleges Defendant should be estopped asserting any policy defense other than those raised in its letter attached as Exhibit 2 to the Complaint. (Doc. 8 at 10); Compl. at ¶¶ 46-50.

"Equitable estoppel is a doctrine that is invoked to prevent fraud and injustice; the test is whether, considering all the circumstances of the specific case, conscience and honest dealing

require that a party be estopped." *Payne v. Mill Race Inn*, 152 Ill. App. 3d 269, 276–77, 504 N.E.2d 193, 199 (1987). Estoppel is appropriate when "a party, by his word or conduct, reasonably induces another to rely on his representations, and leads another, as a result of that reliance, to change his position to his injury." *Id*. "To establish estoppel in an insurance context, the insured must show that (1) the acts or statements of the insurer or its agent misled her, (2) she relied on those representations, (3) her reliance was reasonable, and (4) she suffered detriment or prejudice because of her reliance." *Safeway Ins. Co. v. Ebijimi*, 2018 IL App (1st) 170862, ¶ 51, 117 N.E.3d 1227, 1239 (internal quotation marks omitted).

Defendant argues that *Sims v. Mid-Century Ins. Co*. is on point. No. 1:21-cv-01056, 2021 WL 1175207, at *3 (C.D. Ill. Mar. 26, 2021). In *Sims*, the court noted that the letter, which stated "nothing contained in this letter in any way waives any rights or defenses" was "[a]n express reservation of a right is antithetical to an express or implied relinquishment of said right." *Id*. "Defendant plainly did not waive its right to assert policy defenses not raised in the denial letter." *Id*. Here, the denial letter, Exhibit 2 to Plaintiff's complaint states the following:

> CWG is not limiting itself to the specific issues discussed in this letter. There might be other policy provisions or other legal reasons that preclude insurance coverage. CWG is reserving all rights that it has under either the insurance policy or otherwise, including under Illinois law, whether or not discussed in this letter.

Exhibit 2 of Plaintiff's Complaint, p. 4. The Court finds that this express reservation of rights is analogous to the one the court analyzed in *Sims*.

Plaintiff alleges no facts to establish the estoppel claim. Specifically, it did not allege how Plaintiff relied on the statements, whether the reliance was reasonable, and what kind of detriment or prejudice resulted from the reliance. Additionally, as *Sims* found, the denial letter defeats Plaintiff's claim for estoppel because the express reservation of the rights. *Sims*, No. 1:21-cv-01056, 2021 WL 1175207, at *4 ("Plaintiff cannot claim Defendant's invocation of specific policy

defenses in the denial letter reasonably led him to believe Defendant would not assert other policy defenses because Defendant expressly reserved the right to raise other policy defenses in that same letter."). Because an amendment would be futile, Count III and paragraphs 31-34 will be dismissed with prejudice.

### IV. Conclusion

Based on the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion to Dismiss. Specifically, the Court DENIES Defendant's Motion to Dismiss Count II of Plaintiff's complaint and GRANTS Defendant's Motion to Dismiss paragraphs 31-34 of Count I and the entirety of Count III. Paragraphs 31-41 of Count I and Count III are dismissed WITH PREJUDICE. All other claims may proceed.

**IT IS SO ORDERED.**
**DATED:  September 8, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
